Argued and submitted December 3, 1980, affirmed June 23, 1981

STATE OF OREGON,
*Respondent,*
*v.*
DANIEL VICTOR EDMONSON,
*Petitioner.*

(TC 1079-03959, CA 15957, SC 27319)

630 P2d 822

Ross Shepard, Public Defender Services of Lane County, Inc., Assistant Director, Eugene, argued the cause for petitioner. On the brief were Gary D. Babcock, Public Defender, and Marianne Bottini, Deputy Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M.

Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Robert Bulkley, Jr., Assistant Attorney General.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, and Peterson, Justices.

LINDE, J.

## LINDE, J.

Defendant appealed his convictions of attempted murder and of illegal possession of a weapon, ORS 166.270, on several grounds, including denial of his request for a preliminary hearing after indictment. Upon affirmance by the Court of Appeals, defendant filed a petition for review limited to this denial of a preliminary hearing, and we granted review. We affirm the judgment.

Defendant contends that to refuse an indicted defendant the procedural advantages of a preliminary hearing that are available to defendants prosecuted upon a district attorney's information denies him equal privileges or equal protection under the Oregon and United States constitutions, relying on the decision of the Supreme Court of California in *Hawkins v. Superior Court*, 22 Cal 3d 584, 586 P2d 916 (1978).[1]

■ We have reviewed these contentions in *State v. Clark*, 291 Or 231, 630 P2d 810 (1981). In *Clark*, we held that the simple coexistence of the two means of initiating a prosecution, by information with a preliminary hearing or by indictment without one, did not in itself grant to "any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens," as forbidden by Or Const Art I, § 20. The two methods are capable of valid administration, if the "terms" on which one or the other method is used are defensible under the constitutional guarantees of equal treatment. We held that the attack failed "[w]ithout a showing that the administration of Or Const Art VII, § 5 and ORS 135.070-135.185 in fact denied defendant individually, or a class to which he belongs, the equal privilege of a preliminary hearing with other citizens of the state similarly situated." *State v. Clark.* For the same reason, we rejected defendant's claim under the 14th amendment. In other words, defendant's constitutional claim requires a showing how the choice of procedure is administered, and whether it offers or denies preliminary hearings to individual defendants, or to social,

---

[1] Defendant also cites *People v. Duncan*, 388 Mich 489, 201 NW2d 629 (1972) and invokes "due process," but these are not elaborated beyond what defendant quotes from the California court's *Hawkins* opinion.

geographic, or other classes of defendants (apart from the "classification" formed by the choice itself) purely haphazardly or otherwise on terms that have no satisfactory explanation under Art I, § 20. *See State v. Clark.*

The defendant made no such showing in this case. At the time of his request to conduct a preliminary hearing or to dismiss the indictment, defendant's counsel stated:

"Now, statistics in this area, I have found to be very difficult to come by, but I think I can represent to the Court that many jurisdictions around the state do hold preliminary hearings. One might suggest that in Lane County, there are no preliminary hearings, therefore, there is no unequal treatment among people, but these are state and federal guaranties, not county guaranties, so just because nobody here is given a preliminary hearing is, I suggest, of no consequence.

"The best statistic I can give to the Court is that in Multnomah County, half of the individuals that are charged with felonies are given preliminary hearings, and half are taken before the Multnomah County Jury."

This is all the record shows on the question. Apart from counsel's assertions, no evidence was submitted to show the administration of the system in Lane County, let alone in the rest of the state. We have been cited to no materials of which we could take judicial notice or to which the parties might stipulate. For all we know, the choice between prosecution by information and preliminary hearing or by indictment throughout the state may uniformly rest on meaningful criteria that indeed make the privileges of a preliminary hearing equally available to all persons similarly situated, or, in the constitutional phrase, "upon the same terms." Because defendant's attack, as in *State v. Clark,* is on the coexistence of the two procedures as such, it fails for the reasons stated in that case.

Affirmed.