Argued and submitted September 20, affirmed November 30, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# VINCENT DARREN INGBERG,
*Appellant.*

## (81-757; CA A24904)

672 P2d 377

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was indicted for murder. ORS 163.115. His motion for a post-indictment preliminary hearing was denied. Following a jury trial, he was convicted of first degree manslaughter. He appeals, contending, *inter alia*,[1] that the denial of a post-indictment preliminary hearing violated his right to equal protection of the laws under the Oregon and federal constitutions.[2]

■ A person may be charged with a felony either by a grand jury indictment, Or Const, Art VII (amended), § 5(3)-(5); ORS 132.380; ORS 132.390, or by a district attorney's information filed in circuit court after a showing of probable cause in a preliminary hearing before a magistrate. ORS 135.070-135.185. The choice of procedure is within the district attorney's discretion. However, exercise of that discretion must comply with the equal protection and equal privileges provisions of the state and federal constitutions. *State v. Freeland*, 295 Or 367, 667 P2d 509 (1983); *State v. Clark*, 291 Or 231, 630 P2d 810, *cert den* 454 US 1084 (1981); *State v. Edmonson*, 291 Or 251, 630 P2d 822 (1981).

■ Defendant argues that the dual system of charging, which affords some defendants the benefit of a preliminary hearing while denying such benefit to others, is inherently violative of the Equal Protection Clause. The Oregon Supreme Court has rejected the proposition that every defendant accused of a felony must receive a preliminary hearing. *State v. Freeland, supra; State v. Edmonson, supra; State v. Clark, supra.*

Defendant next argues that the administration of the charging process in Clackamas County violated equal protection. This claim is based on the District Attorney's statement

---

[1] Defendant's other assignments of error do not merit discussion.

[2] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, immunities, which upon the same terms, shall not equally belong to all citizens."

United States Constitution, Amendment XIV, section 1 provides

"* * * No state shall * * * deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

that, at least since August, 1977, every felony case except one was initiated through the grand jury. Defendant then compares the Clackamas County charging procedure with the Multnomah County charging procedure and concludes that "as a member of a class of persons charged with felonies in Clackamas County, he has been denied a privilege which similarly situated defendants in other counties * * * or at least in Multnomah County * * * are granted."

In *State v. Freeland, supra,* the Supreme Court explained that "* * * although the criminal code and article I, section 20, apply throughout the state, each county or district remains free, in the absence of statute, to choose the charging practices most suitable for its circumstances and to change them as experience may dictate." 295 Or at 373. The pertinent inquiry under Article I, section 20, is whether the charging process is applied consistently within each county. *State v. Freeland, supra,* 295 Or at 376 n 8. Defendant was treated no differently than any other defendant charged with a felony within Clackamas County. "* * * [C]ompliance with article I, section 20 usually will also satisfy the 14th amendment." *State v. Freeland, supra,* 295 Or at 370. This is not an unusual case.

Affirmed.