Argued and submitted November 23, 1983, affirmed August 8, reconsideration denied September 14, petition for review denied December 4, 1984 (298 Or 334)

# STATE OF OREGON,
*Respondent,*

*v.*

# LEROY WAYNE EARP,
*Appellant.*

(82-95; CA A25449)

686 P2d 437

John Daugirda, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for aggravated murder, contending, *inter alia,* that the trial court erred in refusing to grant his motion for a preliminary hearing, in admitting evidence of his previous conviction for murder in the first degree and in sentencing him to a minimum of 30 years imprisonment pursuant to ORS 163.105(1).[1] We affirm.

Defendant argues that his rights under both the Oregon and federal constitutions were violated by the fact that he was indicted by a grand jury and therefore denied a preliminary hearing in Clackamas County, which he alleges he would have been granted if he had been indicted in Multnomah County. In his brief, defendant states that the issue he presents is identical to that presented in *State v. Ingberg,* 65 Or App 772, 672 P2d 377 (1983), which was then pending before this court. That case has now been decided contrary to defendant's position. In *Ingberg,* we pointed out that the pertinent inquiry under *State v. Freeland,* 295 Or 367, 667 P2d 509 (1983), "is whether the charging process is applied consistently within each county." 65 Or App at 775. Defendant was treated the same as others indicted in Clackamas County for felonies. The trial judge properly denied defendant's motion for a preliminary hearing.[2]

Defendant next argues that evidence of his prior conviction for first degree murder should not have been admitted. Evidence of a prior conviction or of prior bad acts may be admitted in a criminal case if it is relevant to some

---

[1] We have considered defendant's other assignments of error and conclude that they do not warrant discussion.

[2] Defendant's motion was filed, heard and decided, along with his motion to stay grand jury proceedings, before he was indicted. It appears that he contended in the trial court that he was entitled to a preliminary hearing rather than to be charged by indictment. He now contends that, under *State v. Clark,* 291 Or 231, 630 P2d 810, *cert den* 454 US 1084 (1981), and *State v. Edmonson,* 291 Or 251, 630 P2d 822 (1981), the standards for proceeding by indictment or by information must be applied statewide. Although there is language in *Clark* that supports that proposition, *State v. Freeland, supra,* dispelled the apparent requirement for uniformity throughout the state, at least under the equal privileges provision of the Oregon Constitution. Neither defendant's argument here nor the procedural posture or record are sufficiently focused to present the federal question whether a defendant charged with a felony in one county and denied a preliminary hearing is denied the equal protection of the laws under the federal constitution if a defendant charged with the same felony in another county would have a preliminary hearing. Accordingly, we do not decide it.

issue in the case other than merely to show criminal propensity and if its relevance outweighs its prejudicial impact. *See State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. Hockings,* 29 Or App 139, 145, 562 P2d 587 (1977), *cert den* 434 US 1049 (1978). Here, the existence of the prior conviction for first degree murder is an element of the crime of aggravated murder under ORS 163.095(1)(c), under which defendant was charged. That statute provides that the crime is aggravated murder if

"[t]he defendant committed murder after having been convicted previously in any jurisdiction of any homicide, the elements of which constitute the crime of murder as defined in ORS 163.115 or manslaughter in the first degree as defined in ORS 163.118."

It is apparent that, in order to prove defendant's guilt of aggravated murder in this case, it was necessary to prove defendant's prior conviction for first degree murder. Thus, evidence of the prior crime is not only relevant, it is material to proof of the crime charged, and was not introduced to show defendant's criminal propensity.[3] Although the prejudicial impact on a defendant in a murder case of having the jurors know that he has committed first degree murder previously is strong,[4] the defendant may avoid that problem by stipulating to the prior conviction pursuant to ORS 163.103:

"(1)  In a prosecution for aggravated murder under ORS 163.095(1)(c), the state shall plead the previous conviction, and shall prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

---

[3] In pretrial proceedings, the state also sought to admit evidence of the prior conviction to show the alleged similarity of the crimes. The trial court ruled against the state, and it did not appeal.

[4] It should be noted that no details of the prior murder were admitted at the trial. The jury was informed only of the existence and date of the prior conviction and of the fact that defendant spent 14 years in jail. Further, the prosecutor did not repeatedly refer to the previous murder conviction or argue that the jury could infer from the previous murder conviction that defendant had committed this murder. The only reference to the prior murder conviction during jury argument that did not refer to it solely as an element of this crime was the prosecutor's statement that the jury was being asked to accept the testimony of a man who had previously been convicted of murder. No error is assigned to that reference.

ORS 163.103(2), *infra,* permits the use of a prior conviction for purposes of impeachment, whether or not the defendant has stipulated to the existence of the prior conviction, provided it is otherwise admissible for that purpose.

"(a)   The court shall accept the stipulation regardless of whether or not the state agrees to it;

"(b)   The defendant's stipulation to the previous conviction constitutes a judicial admission to that element of the accusatory instrument. The stipulation shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c)   For the purpose of establishing the prior conviction solely as an element of the crime under ORS 163.095(1)(c), neither the court nor the state shall reveal to the jury the previous conviction, but the previous conviction is established in the record by the defendant's stipulation; and

"(d)   The court shall not submit the accusatory instrument or evidence of the previous conviction to the jury.

"(2)   In a proceeding under ORS 163.095(1)(c), the state may offer, and the court may receive and submit to the jury, evidence of the previous conviction for impeachment of the defendant or another purpose, other than establishing the conviction as an element of the offense, when the evidence of the previous conviction is otherwise admissible for that purpose. When evidence of the previous conviction has been admitted by the court, the state may comment upon, and the court may give instructions about, the evidence of the previous conviction only to the extent that the comments or instructions relate to the purpose for which the evidence was admitted. [*See* n 4.]

"(3)   When the defendant stipulates to the prior conviction required as an element of aggravated murder under ORS 163.095(1)(c), if the jury finds the defendant guilty upon instruction regarding the balance of the elements of the crime, the court shall enter a judgment of guilty of aggravated murder."

Under that statute, defendant had the clear choice of stipulating to the existence of his prior conviction or of having evidence of that conviction admitted in evidence. If defendant had stipulated, the stipulation would not have been presented to the jury and the jury would have had no knowledge of the prior conviction, unless it was admitted under ORS 163.103(2) for an otherwise permissible purpose. Here, defendant refused to stipulate, and the trial judge specifically determined that defendant was aware of the consequences of his refusal. Defendant contends, however, that ORS 163.103 is unconstitutional, because it forces him to stipulate to something

"which is either (1) an element of the crime or (2) an enhanced penalty provision, and, alternatively, it improperly authorizes the introduction of unduly prejudicial other crimes evidence before the trier of fact."

Although defendant's argument presents a novel issue of law in this state, the United States Supreme Court dealt with a similar issue in *Spencer v. Texas,* 385 US 554, 87 S Ct 648, 17 L Ed 2d 606 (1967). In *Spencer,* the defendant challenged a Texas law allowing the admission of proof of a defendant's prior conviction for murder with malice in the guilt determination phase of his current trial for murder with malice. The prior conviction was used to enhance the penalty, and the trial court instructed the jury that the prior conviction was not to be taken into account in its determination of the guilt of defendant on the current charge. The jury found defendant guilty and sentenced him to death.

On appeal, the defendant claimed that admission of the prior conviction during the guilt determination phase of the trial was so unfair that it offended the Fourteenth Amendment guarantee of due process. The Supreme Court rejected the contention, stating that the admission of that type of evidence could be justified by the state's valid governmental interest in enforcing greater penalties against habitual offenders and that the jury is expected to follow limiting instructions. The court recognized that there might be other less intrusive ways of enforcing enhanced penalty provisions, such as a bifurcated trial, but stated that the failure to adopt an alternative procedure did not change the constitutional result. The holding in *Spencer* was reaffirmed in *Marshall v. Lonberger,* 459 US 422, 438 n 6, 103 S Ct 843, 74 L Ed 2d 646 (1983).

We need not decide whether the Oregon Constitution provides more protection in these circumstances than does the federal constitution, because the Oregon legislature foresaw the prejudicial impact of proof of a prior conviction of homicide in a pending homicide case and, by enacting ORS 163.103, avoided that prejudice by allowing the defendant to stipulate to the existence of the prior conviction and thereby prevent the jury from having any knowledge of it. Although the existence of the prior conviction is an element of the crime of aggravated murder, it does not work an undue unfairness on a defendant to require that he choose between stipulating to it

or having it admitted as evidence at the trial. Normally, proof of a prior conviction is a formality; if, however, the existence, nonexistence or validity of the prior conviction is put in issue, that question may be resolved in a pretrial hearing before the defendant must choose between stipulating or having the evidence admitted at the trial. That was done here.[5]

Accordingly, we hold that, in the face of defendant's refusal to stipulate to the existence of the prior conviction, the trial court's admission of that fact, which was an element of the crime of aggravated murder, did not violate Article I, sections 11 and 12, or any other provision of the Oregon Constitution. Given *Spencer v. Texas, supra,* and *Marshall v. Lonberger, supra,* it is clear that neither the statutes nor the admission of the evidence violate the Fifth, Sixth or Fourteenth Amendments to the United States Constitution.

■ Because defendant argued on appeal that the 30-year mandatory minimum sentence imposed violated the proportionality requirement of Article I, section 16, of the Oregon Constitution, we held this case pending the Supreme Court's resolution of the proportionality issue, *State v. Brown,* 296 Or 458, 676 P2d 877 (1984); *State v. Turner,* 296 Or 451, 676 P2d 873 (1984); *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), even though it had not been raised below. Because aggravated murder is the most serious offense under the criminal code, the mandatory sentence does not raise a question of proportionality. None of the recent cases aids defendant. The sentence was correctly imposed.

Defendant also contends here, but did not do so below, that the 30-year mandatory minimum sentence violates Article I, section 15, of the Oregon Constitution, because it ignores the possiblity of reformation. We did not hold the case because of that question, and we do not consider it.

Affirmed.

---

[5] Defendant challenged the prior conviction on the basis that evidence had been improperly admitted and, therefore, the conviction was not valid. That question was disposed of in pretrial hearings, after which the trial court held that the prior conviction was valid for the purposes of ORS 163.095(1)(c). Defendant does not challenge that ruling on appeal.