Argued and submitted October 22, 1985, reversed and remanded for trial May 14, reconsideration denied July 11, petition for review denied July 29, 1986

(301 Or 445)

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT WAYNE DANIELSON,
*Respondent.*

(10-84-03506; A34472)

719 P2d 44

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John P. Daugirda, Deputy Public Defender, Salem, argued

the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

In this criminal case, the state appeals, contending that the trial court erred in sustaining defendant's demurrer to an indictment for aggravated murder. Defendant contends that ORS 163.103[1] is unconstitutional, because it allows the state to present evidence of a prior homicide conviction, unless the defendant stipulates to it. Defendant argues that admission of that evidence violates his right to a fair and impartial jury trial and that the alternative of stipulating to the element of a prior conviction is tantamount to compelled self-incrimination. Also, he argues that the stipulation procedure violates his right to a jury finding on every element of the offense when, under ORS 163.103(3), the trial court enters a judgment of conviction for the greater offense of aggravated murder after the jury returns a verdict of murder. We reverse and remand for trial.

---

[1] ORS 163.103 provides:

"(1) In a prosecution for aggravated murder under ORS 163.095(1)(c), the state shall plead the previous conviction, and shall prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state agrees to it;

"(b) The defendant's stipulation to the previous conviction constitutes a judicial admission to that element of the accusatory instrument. The stipulation shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) For the purpose of establishing the prior conviction solely as an element of the crime under ORS 163.095(1)(c), neither the court nor the state shall reveal to the jury the previous conviction, but the previous conviction is established in the record by the defendant's stipulation; and

"(d) The court shall not submit the accusatory instrument or evidence of the previous conviction to the jury.

"(2) In a proceeding under ORS 163.095(1)(c), the state may offer, and the court may receive and submit to the jury, evidence of the previous conviction for impeachment of the defendant or another purpose, other than establishing the conviction as an element of the offense, when the evidence of the previous conviction is otherwise admissible for that purpose. When evidence of the previous conviction has been admitted by the court, the state may comment upon, and the court may give instructions about, the evidence of the previous conviction only to the extent that the comments or instructions relate to the purpose for which the evidence was admitted.

"(3) When the defendant stipulates to the prior conviction required as an element of aggravated murder under ORS 163.095(1)(c), if the jury finds the defendant guilty upon instruction regarding the balance of the elements of the crime, the court shall enter a judgment of guilty of aggravated murder."

ORS 163.095(1)(c) provides that a murder is "aggravated murder" if the

"defendant committed murder after having been convicted previously in any jurisdiction of any homicide, the elements of which constitute the crime of murder as defined in ORS 163.115 or manslaughter in the first degree as defined in ORS 163.118."

Immediately before trial, defendant offered to stipulate that he had been previously convicted of manslaughter, provided that it was understood that he was not waiving his right to contend on appeal that the stipulation procedure authorized by ORS 163.103 is unconstitutional. The trial court expressed doubt as to whether it could constitutionally enter a judgment finding defendant guilty of aggravated murder on the basis of a jury verdict of guilty of murder and defendant's stipulation that he had been previously convicted of manslaughter. Defendant then demurred to Count I of the indictment, claiming that the indictment contained facts insufficient to constitute an offense. Defendant's accompanying memorandum of law stated that

"the Aggravated Murder statute ORS 163.095 read in conjunction with ORS 163.103 is unconstitutional in that it denies the defendant the right to trial by jury in contravention of Art I § 11 and denies the defendant the right to not have facts otherwise examined by the trial court that were tried by the jury, in contravention of Amended Article VII § 3 of the Oregon Constitution.

"Under this statutory scheme an accused who stipulates to a prior conviction of Murder or Manslaughter pursuant to ORS 163.103, faces the possibility of the trial court entering a verdict of the greater and enhanced judgment of Aggravated Murder than that returned by the jury."

The trial judge sustained the demurrer.

In order to avoid the prejudice inherent in placing before the jurors the fact that a defendant previously has committed murder or manslaughter, a defendant may stipulate to the prior conviction pursuant to ORS 163.103. ORS 163.103(3) directs the trial court to enter a judgment of guilty of aggravated murder if the defendant stipulates to the prior conviction and the jury finds the defendant guilty of the other elements of the crime.

■ In *State v. Earp,* 69 Or App 365, 686 P2d 437, *rev den* 298 Or 334 (1984), we addressed the constitutionality of ORS 163.103. We decline defendant's invitation to overrule *Earp,* and we adhere to the holding that the legislature could include a prior conviction for homicide as an element of aggravated murder. We held that permitting the introduction of a prior homicide conviction in the guilt determination phase of an aggravated murder trial does not violate Article I, section 11[2] or section 12,[3] or any other section of the Oregon Constitution to which our attention had been called. 69 Or App at 371. Neither does it violate the federal constitution. *Marshall v. Lonberger,* 459 US 422, 103 S Ct 843, 74 L Ed 2d 646 (1983); *Spencer v. Texas,* 385 US 554, 87 S Ct 648, 17 L Ed 2d 606 (1967).

■ There is no merit in defendant's argument that ORS 163.103 compels an accused to incriminate himself through a stipulation. As we noted in *State v. Earp, supra,* proof of the prior conviction is usually merely a formality. A defendant is not required to stipulate and, if he chooses not to, the state must prove the prior conviction beyond a reasonable doubt.

Finally, citing *State v. Quinn,* 290 Or 383, 399-407, 623 P2d 630 (1981), defendant argues that a trial court lacks authority to enter a judgment of guilty of aggravated murder when the jury has only returned a verdict of guilty of murder, because he would be denied the right to require a jury finding on every element of the offense. That argument has no bearing on whether the facts stated in the indictment constitute an offense, and it raises no issue that requires a decision before the trial of the case and the entry of judgment. *Compare City of Portland v. Dollarhide,* 300 Or 490, 495-96, 714 P2d 220 (1986). We decline to address the argument at this time.[4]

---

[2] Or Const, Art I, § 11, provides:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed * * *."

[3] Or Const, Art I, § 12, provides:

"No person shall be * * * compelled in any criminal prosecution to testify against himself."

[4] It is perplexing to us why defendant makes this argument. We held in *State v. Earp, supra,* that evidence of a prior homicide conviction is admissible if a defendant does not make the stipulation contemplated by ORS 163.103. However, ORS 163.103

Reversed and remanded for trial.

---

does not *require* a defendant to stipulate; he may choose instead to put the state to its proof. Defendant postulates that, if "the judicial enhancing formula of ORS 163.103(3) violates defendant's right to separate jury findings," the entire statutory scheme under which defendant is charged falls with ORS 163.103(3). Although we need not decide the question here, it is not at all apparent to us why ORS 163.103(3) cannot be severed from the other provisions. If defendant's argument that ORS 163.103(3) is unconstitutional were to succeed, the effect might well be to require him to have the jury decide the question which the challenged statute gives him the option of letting the jury decide or of keeping from the jury. In other words, defendant's effort to vindicate the constitutional right that he says ORS 163.103 offends might have the peculiar result of compelling him to exercise the right, rather than deciding whether to exercise it or to protect himself from it.