# STATE OF OREGON
*Respondent,*

*v.*

# JOHN-HAL BARFIELD,
*Appellant.*

(84-522; CA A34933)

720 P2d 394

Tom Steenson, Portland, argued the cause for appellant. With him on the brief was Steenson, Fontana, Schumann & Ellis, Portland.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for sexual abuse in the second degree. ORS 163.415. He contends that the trial court erred in denying his motion to dismiss the indictment and in sustaining objections to questions which he asked on cross-examination of the state's principal witness and to evidence that he offered to impeach her. We affirm.

In his motion to dismiss, defendant argued that it was constitutionally impermissible to try him for a misdemeanor in circuit court rather than in district court. Such a trial, he urged, would violate state and federal constitutional provisions because a twelve person circuit court jury, unlike a six person district court jury, could convict him by a less than unanimous vote. The disputed impeachment evidence related to the witness' experience with sexual abuse among her daughter's friends and to her general sensitivity to sexual matters. Defendant asserts that the rejected questions and other evidence would tend to prove the witness' bias and interest.

Defendant challenges the state's decision to prosecute him in circuit court on several constitutional grounds; the only arguably meritorious ones are that it violated his rights to equal privileges or immunities under Article 1, section 20, of the Oregon Constitution and to equal protection under the Fourteenth Amendment.[1] Under those provisions, unless defendant was treated unequally, there was no legal impediment to prosecuting him in circuit court. He has no federal or state constitutional right to a unanimous verdict. A verdict in a criminal case, based on the votes of only ten jurors out of twelve, is not a violation of either the federal or state constitutions. *Apodaca v. Oregon,* 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972); Or Const, Art I, § 11. Neither does he have a constitutional right to a district court trial. Circuit courts have concurrent jurisdiction of misdemeanors with district courts. ORS 46.040. Neither is there anything inherently

---

[1] The state argues that a motion to dismiss the indictment was not the proper way to raise the issues, because it was premature; instead, defendant should have sought a transfer to district court or an instruction at trial that the verdict had to be unanimous. Although those actions might have been appropriate ones for defendant to take, we conclude that he adequately raised the equal privileges and equal protection issues.

wrong with the existence of alternative procedures for the trial of defendant's case, if each is constitutionally proper. There is a constitutional violation only if the state chooses between alternative procedures on an arbitrary or discriminatory basis. *See City of Salem v. Bruner,* 299 Or 262, 270-271, 702 P2d 70 (1985); *State v. Freeland,* 295 Or 367, 667 P2d 509 (1983); *State v. Edmonson,* 291 Or 251, 630 P2d 822 (1981); *State v. Clark,* 291 Or 231, 630 P2d 810 (1981).

■   In order for defendant to show that the state's decision to prosecute him in circuit rather than district court denied him equal privileges with others similarly situated, he must show that the state's choice was based on criteria that discriminated against him individually or against a class to which he belongs or that the choice was purely haphazard. *See State v. Edmonson, supra,* 291 Or at 254; *State v. Clark, supra,* 291 Or at 243. Defendant did not try to show discrimination against any class of which he is a member. He also did not show that the state had exercised its discretion in a manner inconsistent with its actions in other cases. The case was in circuit court because there was an indictment. The prosecutor's explanation—that she had sought an indictment for the felony of sexual abuse in the first degree, but the grand jury indicted only for the misdemeanor of sexual abuse in the second degree—was on its face an adequate reason for proceeding in circuit court. Defendant did not challenge that explanation. Thus, he has not shown a constitutional violation in the decision to prosecute him in circuit court.[2]

The sexual abuse with which defendant was charged occurred while he was working as a nurse in a hospital recovery room. At the time of the incident, the victim was still under anesthesia and was unaware of what occurred. The only person who saw what defendant did was another nurse, who was the state's principal witness at trial. On cross-examination, defendant sought to ask the witness about her contact with a teen-aged victim of sexual abuse and about her own allegedly excessive interest in sex. He also offered to produce witnesses who he claimed would testify about those matters. At trial and on appeal, he argued that that evidence would

---

[2] We expressly analyze only defendant's Article 1, section 20 claim. For similar reasons, his Fourteenth Amendment claim also fails. *See State v. Clark, supra,* 291 Or at 243-244.

show the witness' bias against him and her interest in his conviction. In making that argument, defendant misunderstands impeachment of a witness for bias or interest.

■■ A witness is biased if the witness has a friendly or hostile feeling toward a party; a witness is interested if the witness has a stake in the outcome of the case. *See Commentary* to OEC 609-1; McCormick, *Evidence,* 85-89 (3rd ed 1984). The evidence in question could show that the witness had a hostile feeling toward defendant independently of what she observed only by a circular chain of reasoning. The evidence, at best, would tend to prove that the witness was hostile to those who commit sexual abuse. It would indicate that she directed that hostility against defendant only if he were in fact guilty of sexual abuse or if, independently of the incident in question, she believed that he was guilty. Whether defendant was guilty was the ultimate question at issue in the trial. Defendant denied his guilt. So far as the evidence showed, the witness believed him to be a sexual abuser only because of the incident charged in the indictment. That belief would not have led her to testify incorrectly about that incident. Nothing in the proffered evidence indicated that the witness had believed defendant to be a sexual abuser before the incident or that she had any other personal hostility toward him.[3] Evidence that the witness was hostile toward sexual abusers generally could not, therefore, show that the witness was hostile toward defendant in any way which would have affected her testimony.

■■ For similar reasons, the proffered evidence was not probative of the witness' interest. The only possible stake that the evidence might show she had in the outcome of the trial was her desire to bring sexual abusers to justice. That interest would not affect defendant, unless her testimony were correct; it could not provide a basis for impeaching the correctness of that testimony. A general interest in seeing that wrongdoers are brought to justice is not an impeachable interest.

■ It may be that evidence of the witness' alleged unusual sensitivity to sexual abuse and sexual matters in general would be relevant, because it might have affected her

---

[3] Defendant did present evidence of other reasons that the witness might be hostile to him.

perception of what actually occurred. The evidence then would go not to bias or interest but to her ability to perceive. Although at times defendant hinted at the issue of the witness' perception, he focused his arguments on the claim of bias and interest. We conclude that the trial court did not err in excluding the evidence.

Affirmed.