Argued and submitted September 30, 1986, reversed and remanded March 11, reconsideration denied April 24, petition for review denied May 27, 1987 (303 Or 455)

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL MARTIN McDONNELL,
*Respondent.*

(J85-0004; CA 38776)

733 P2d 935

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, Van Hoomissen and Young, Judges.

YOUNG, J.

### YOUNG, J.

Defendant was charged with aggravated murder. The indictment alleged that he intentionally caused the death of another human being by cutting her with a knife and that the murder was committed after defendant "had escaped from a state penal and correctional facility and before he had been returned to the custody of that facility." The trial court set aside the indictment, holding that the statute under which defendant was charged, ORS 163.095(2)(f), is unconstitutional, because it imposes an unconstitutional sentence. The state appeals from the pretrial order setting aside the indictment; we reverse.

Article I, section 16, of the Oregon Constitution provides, in relevant part:

"[A]ll penalties shall be proportioned to the offense."

The trial court held that ORS 163.095(2)(f) violates section 16 in that it creates a penalty for murder committed by an escapee that is not proportionate to the offense. Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

The trial court also held that ORS 163.095(2)(f) violates section 20 because there is no rational basis for imposing a more severe penalty for a murder committed by an individual on escape status than the penalty imposed on an individual who is in the process of escaping. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." The trial court also held that ORS 163.095(2)(f) violates the Eighth Amendment, because being an escapee is not an aggravating circumstance which genuinely narrows the class of persons eligible for the death penalty or reasonably justifies the imposition of a more severe sentence on the defendant compared to others found guilty of murder.

The theory behind each of those propositions is that it is unconstitutional to impose a greater penalty for an equally or less severe offense. Even if the Supreme Court might eventually agree in its review process (ORS 163.150(6)) that *imposing* the death penalty (or life imprisonment with a

30-year mandatory minimum) on a defendant convicted under ORS 163.095(2)(f) violates one or more of the above constitutional provisions, ORS 163.095(2)(f) does not *impose any* penalty; it merely defines a crime. ORS 163.105(1) provides the penalties that defendant argues are unconstitutional. The fact that a sentencing statute authorizes imposition of an arguably unconstitutional sentence does not mean that the statute defining the crime violates any of the cited constitutional provisions. Moreover, the sentencing statute provides for the arguably unconstitutional sentence only after *conviction* of aggravated murder, and defendant has not yet been convicted of any crime, much less aggravated murder. It was error to set aside the indictment.[1] *See State v. Danielson,* 79 Or App 278, 282, 719 P2d 44, *rev den* 301 Or 445 (1986).[2]

Reversed and remanded.

---

[1] The state did not urge the theory we use to decide this case. As a general rule, we will not consider theories not argued or briefed in this court. *See Stanfield v. Laccoarce,* 284 Or 651, 659, 588 P2d 1271 (1978). There is an exception, however, for errors of law that are plain on the face of the record. *See State v. Linthwaite,* 295 Or 162, 175, 665 P2d 863 (1983).

[2] In *City of Portland v. Dollarhide,* 300 Or 490, 496, 714 P2d 220 (1986), the court noted that a defendant charged under a criminal law for which *only* an allegedly invalid penalty is provided may challenge the penalty pretrial, because no conviction can be had for violation of a statute for which there is no penalty. The situation here is different. Even if the penalties for aggravated murder are unconstitutional, defendant can be sentenced for the lesser-included offense of murder.