Argued and submitted July 2, affirmed August 29, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# DANIEL WANGERIN,
*Appellant.*

(TC89-11950; CA A62393)

796 P2d 1222

Blair Bobier, Portland, argued the cause for appellant. On the brief was Robyn B. Kaiser, Oregon City.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions, on stipulated facts, for two wildlife offenses that are class A misdemeanors. He contends that the court erred by denying his motion to dismiss both charges on the ground that he was denied the equal protection of the law. We affirm.

The charges were alleged in two "Uniform Wildlife, Commercial Fish and Marine Citations and Complaints." Defendant appeared for arraignment as required by the summons and counsel was appointed to represent him because he was indigent. In his motion to dismiss he contended that, because he is indigent, he was unable to post bail and, therefore, could not take advantage of a bail forfeiture procedure available to persons who do have funds.

The summons that is part of the uniform citation requires that a person served with a citation do one of the following:

"(1) . Appear in Court at the time mentioned in the Summons and request a hearing. The Court will then set a time for a hearing.

"(2) Mail to the Court this Summons, together with a check or money order in the amount of the bail indicated on the other side of this Summons to tell the Court that you request a hearing.

"(3) If you do not want a hearing, but wish to explain your side, send your explanation to the Court with the Summons and a check or money order in the amount of the bail indicated on the other side of this Summons. The Court will then consider your explanation and may forfeit your bail, or part of it, on the basis of your explanation and what the officer tells the court.

"(4) Sign the plea of guilty below and send this Summons to the Court together with a check or money order in the amount of the bail indicated on the other side of this Summons."

The instructions conform to the minimum requirements of ORS 153.745. Nonetheless, ORS 153.760 provides that the court may, in any case, require that a person appear in court.

Defendant essentially argues that, according to the instructions on the summons, a cited person who has the

financial ability to post the designated bail has the option to plead guilty or to explain the circumstances without appearing in court. That person, he argues, is exposed to no greater risk than forfeiture of the bail in lieu of a fine. Conversely, he contends, a person who does not post bail but appears in court and is adjudged guilty faces the full range of penalties for a class A misdemeanor. It follows, he contends, that he is denied equal protection, in violation of the state and federal constitutions, because, being indigent, he cannot post bail.

The burden of establishing a factual predicate for his contention is on defendant. *State v. Edmonson,* 291 Or 251, 630 P2d 822 (1981). He must show that administration of the system denied him individually, or the class of indigent defendants, equal protection. The only evidence presented on the issue was the testimony of a court employee who said that persons charged with wildlife offenses that are class A misdemeanors and who send in bail are instructed to appear in court. In short, defendant has not established that there is disparate treatment on the basis of an accused's ability to post bail.

Defendant also contends that the court improperly took judicial notice of an unwritten policy that all persons charged with wildlife offenses must appear in court. We need not address whether the court erred, because, even excluding the judicial knowledge, there was evidence that shows that the summons procedure was not administered unequally. Defendant has not sustained his burden of proof.

Affirmed.