Argued and submitted April 25, 1984, affirmed March 6, reconsideration denied April 19, petition for review denied June 18, 1985 (299 Or 313)

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL E. EELLS,
*Appellant.*

(C83-01-30067; CA A28488)

696 P2d 564

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction on two counts of possession of a controlled substance (marijuana in excess of one avoirdupois ounce and methamphetamine). ORS 475.992. He raises as assignments: (1) that the trial court erred in failing to suppress statements he made to the police before and after he received his *Miranda* warnings and that evidence found during a consensual search of his van should also be suppressed; (2) that under *State v. Freeland,* 295 Or 367, 667 P2d 509 (1983), it erred in denying his motion for a post-indictment preliminary hearing; and (3) that it erred in overruling his demurrer to the marijuana count, arguing that the demurrer should have been sustained because marijuana was improperly designated as a Schedule I controlled substance. We affirm.

Although the trial court made no findings of fact, the historical facts are not in dispute.[1] On January 5, 1983, Portland police officer Goff was on patrol in East Delta Park. He saw a white 1965 Ford van, with its interior lights on, parked near a restroom. Goff parked his car and walked to the front of the van. Looking into the van, he saw defendant lying in the back putting marijuana into a film canister. Goff asked defendant if he was planning to have a party. Defendant replied, "Can't a guy be left alone?" Goff asked defendant to get out of the van. On stepping out of the van, defendant stated, "You're not going to bust me for having a little marijuana, are you?" Goff conducted a frisk for weapons and found a syringe in his pocket. He placed defendant under arrest, put him in his patrol car and read him *Miranda* warnings. Defendant stated that he understood his rights.[2]

Goff asked defendant if he had more drugs in the van. Defendant answered affirmatively and directed Goff to a carton containing a sleeping bag and two baggies. Goff then asked for consent to search the van, and defendant consented. He found two bindles of white powder. When he asked

---

[1] After the trial court denied the motion to suppress, defendant was found guilty of both charges in a trial on stipulated facts, including the evidence produced in the omnibus hearing.

[2] Defendant does not challenge Goff's authority to arrest him for possession of the quantity of the drug involved here.

defendant what the bindles contained, defendant admitted that they contained "crank,"[3] stated that he had used "crank" that day and admitted that the syringe taken from his pocket was his. At the omnibus hearing, Goff testified that he had decided to arrest defendant for possession of marijuana when he first looked inside the van, before he had asked defendant any questions.

Defendant argues that the court should have suppressed incriminating statements defendant made in response to police questioning after the police had decided to place him under arrest and before he was advised of his rights. Under *Miranda* the police have a duty to advise a defendant of his rights "after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona,* 384 US 436, 444, 86 S Ct 1602, 16 L Ed2d 694 (1966). *Miranda* "interrogation" encompasses questioning or action on the part of the police that the police should know is reasonably likely to elicit an incriminating response. *Rhode Island v. Innis,* 446 US 291, 301, 100 S Ct 1682, 64 L Ed2d 297 (1980); *State v. Fitzgerald,* 60 Or App 466, 471, 653 P2d 1289 (1982).

Even if defendant was in a custodial status after Goff asked him to get out of the van, he made no incriminating statements under police interrogation. Defendant's comment, "Can't a guy be left alone?", given in response to the officer's question, is not an incriminating remark. Defendant's only other comment before being given his *Miranda* rights was wholly voluntary. Goff did nothing to prompt defendant's incriminating statement. Defendant's further comments, as well as his consent to search the van, were made after he had been given the *Miranda* warnings, and the trial court did not err in refusing to suppress the physical evidence and defendant's statements.

Defendant next contends that he was entitled to a post-indictment preliminary hearing under *State v. Freeland, supra.* Under the Oregon Constitution a person may be

---

[3] Goff testified that "crank" is a term used by persons dealing in illegal narcotics. The report from the state crime laboratory, which was admitted as part of the parties' stipulation, identified the substance as methamphetamine. Defendant does not argue that the state failed to obtain a warrant to test the substance. *See State v. Lowry,* 295 Or 337, 667 P2d 996 (1983).

charged with a felony either by grand jury indictment or by a district attorney's information filed in circuit court after a showing of probable cause in a preliminary hearing before a magistrate. Or Const, Art VII (amended) § 5(3) to (5); ORS 135.070 to 135.195. It is within the district attorney's discretion to decide which procedure to use. However, the exercise of that discretion must comply with the Equality of Privileges Clause of the Oregon Constitution. Or Const, Art I, §20;[4] *State v. Freeland, supra,* 295 Or at 377.

■■ Defendant contends that the district attorney's decision to proceed by indictment was improper, because it was an *ad hoc* decision proscribed by *Freeland.* 295 Or at 374. The state maintains that the district attorney's decision was based on a clear policy of preventing unnecessary delay in prosecuting all felony cases in Multnomah County. *Freeland* holds that "many kinds of reasons for proceeding with or without a preliminary hearing are valid if consistently applied." 295 Or at 375. We hold that preventing unnecessary delay is a valid reason under *Freeland* and that on this record defendant has not shown that it was applied inconsistently. *See State v. Wash,* 69 Or App 93, 98, 684 P2d 18, *rev den* 298 Or 37 (1984). The trial court did not err in denying defendant's motion for a post-indictment preliminary hearing.[5]

Defendant's final assignment of error is that the trial court erred in overruling his demurrer to the marijuana charge. Under ORS 475.005(6), a "controlled substance" is

"[a] drug or its immediate precursor classified in Schedules I through IV under the Federal Controlled Substances Act, 21 USC §§ 811 to 812, as modified under ORS 475.035."

21 USC § 812(b)[6] prohibits a substance from being placed into

---

[4] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[5] Alternatively defendant contends that the trial court erred in denying his motion to dismiss made on the ground of vindictive prosecution. A claim of vindictive prosecution can only succeed if it is based on objective proof of actual vindictiveness. *State v. Halling,* 66 Or App 180, 184, 672 P2d 1386 (1983). We affirm the trial court's decision denying the motion, because defendant failed to prove vindictiveness.

[6] 21 USC § 812(b) provides in part:

"[A] drug or other substance may not be placed in any schedule unless the

Schedule I if it has a current medical use. Under ORS 475.515[7] marijuana may be used for medicinal purposes. Therefore, defendant argues, marijuana is improperly classified as a Schedule I controlled substance and the statute making its possession a Class B felony as a Schedule I controlled substance is unconstitutional.

We do not agree with defendant that, by adopting the federal schedule, "Oregon presumptively adopted the federal scheduling criteria." Although ORS 475.005(6) clearly states that a controlled substance is defined by reference to the federal act, the statute does not adopt the federal criteria. Oregon has its own standards for amendment of the schedule, as set out in ORS 475.035.[8] We agree with respondent that, because ORS 475.035 antedates the federal act, ORS 475.005(6) and ORS 475.035 show a legislative policy to apply different criteria from those of the federal act. Oregon has chosen not to include medical use as a factor. Defendant has failed to show how that choice is an arbitrary classification in

---

findings required for such schedule are made with respect to such drug or other substance. The findings required for each of the schedules are as follows:

"(1) Schedule I.

"(A) The drug or other substance has high potential for abuse.

"(B) The drug or other substance has *no currently accepted medical use in treatment* in the United States.

"(C) There is a lack of accepted safety for use of the drug or other substance under medical supervision." (Emphasis supplied.)

[7] ORS 475.515 provides:

"(1) Physicians may lawfully obtain, prescribe and dispense marijuana made available through the Health Division for patients undergoing chemotherapy treatment or treatment for glaucoma. The physician shall keep all records of treatment, with these records made available to the Health Division upon written request.

"(2) It shall be lawful for patients undergoing chemotherapy treatment or treatment for glaucoma to possess less than an ounce of marijuana. Evidence of treatment or therapy shall be in the form of a written statement by the attending physician that the person is undergoing such treatment."

[8] ORS 475.035(1) provides:

"In arriving at any decision on changes in or addition to classification when changes or additions are proposed by the federal Drug Enforcement Administration or by any other reliable source, the board shall review the scientific knowledge available regarding the substance, its pharmacological effects, patterns of use and misuse, and potential consequences of abuse, and consider the judgment of individuals with training and experience with the substance."

violation of the Fourteenth Amendment to the United States Constitution or Article I, section 20, of the Oregon Constitution. The trial court did not err in overruling the demurrer.[9]

Affirmed.

---

[9] The delegation of authority to designate prohibited drugs to the Board of Pharmacy is proper. *State v. Sargent,* 252 Or 579, 449 P2d 845 (1969).