Argued and submitted September 29, affirmed December 8, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES B. FOLSOM,
*Appellant.*

## (C91-01-30241; CA A75209)

865 P2d 372

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals his convictions for attempted murder, ORS 161.405; ORS 163.115, two counts of assault in the first degree, ORS 163.185, assault in the second degree, ORS 163.175, and three counts of burglary in the first degree, ORS 164.225. He assigns error to the trial court's denial of his motion to dismiss two counts of the indictment based on vindictive prosecution and to the court's denial of his motions for mistrial. Finally, he assigns error to the trial court's finding that he was a dangerous offender and to the sentence that he received. We affirm.

In January, 1991, defendant broke into the victim's apartment and attacked her. She managed to break free and ran to a neighbor's apartment. Defendant followed her there and continued his attack. The neighbor stopped the attack by grabbing defendant by the hair and emptying a can of mace into his face. Shortly thereafter, the police arrived and arrested defendant. As a result of the attack, the victim required treatment at a hospital.

Later that month, defendant was charged with three counts of burglary, one count of assault in the second degree and one count of assault in the first degree. In March, 1991, he pleaded guilty to one count of burglary and one count of second degree assault. The court ordered defendant to serve a total of 58 months. However, because the victim was still undergoing medical treatment, restitution was not included in the order and no judgment was entered.

In September, 1991, defendant moved to withdraw his guilty pleas, claiming that they were not knowingly and voluntarily made, and that he had ineffective assistance of counsel. At a hearing in October, 1991, the court granted the motion and continued the case for trial. At about that time, the state learned for the first time that defendant had a criminal history in Alaska that included convictions for assault and escape. The presentence investigation report, prepared after defendant's guilty plea, indicated that he had an underlying anti-social personality disorder, and that he was enraged at the victim before the attack. The state also learned that the victim's injuries were worse than expected.

The state told defendant that it had new information about him that could result in new indictments.[1] However, it offered defendant essentially the same plea agreement, which he refused. The state presented the new information to the grand jury. On November 5, 1991, the grand jury reindicted defendant, adding a charge of attempted murder and another count of first degree assault. In December, 1991, plea negotiations continued, but they did not result in an agreement and the case went to trial.

At the pretrial proceedings, defendant represented himself and moved to dismiss the two additional indictments. He argued that their addition following the withdrawal of his guilty plea was vindictive prosecution.[2] Defendant assigns error to the trial court's denial of that motion.

A claim of vindictive prosecution can only succeed if it is based on objective proof of actual vindictiveness. *State v. Halling*, 66 Or App 180, 184, 672 P2d 1386 (1983). After hearing testimony by defendant and the state, the trial court found that the state's reason for seeking the additional indictments was based on the new information about defendant, and expressly found that there was "no evidence whatsoever of any improper motive of the State * * *." That finding is supported by the record and we are bound by it. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The trial court did not err in denying defendant's motion to dismiss.

Defendant next assigns error to the trial court's denial of his motion for a mistrial. On the first day of trial, before trial started, defendant said that he was prepared to plead guilty to two of the counts in the indictment. After defendant signed a plea agreement, he expressed misgivings, and the court said that, under the circumstances, it could not accept his plea. Defendant asked the court to disregard his misgivings, but the court refused, and said that it would not permit defendant to continue to delay the trial. It said that, if defendant wished to plead guilty, he would have to do so in the jury's presence. Just before the victim was sworn in as the

---

[1] Defendant disputes the state's characterization of when and how it informed him of the new information.

[2] At trial, defendant also argued that the additional indictments were barred because of former jeopardy. He does not argue that theory on appeal.

first witness, defendant said in the presence of the jury that he wanted to plead guilty to assault in the first degree and burglary in the first degree. The court excused the jury, and plea negotiations continued. However, defendant refused to admit to the element of intent. After reconvening the trial, the court said to the jury:

> "Mr. Folsom mentioned to you that he wanted to plead guilty to some of the charges, but as it turns out he has not admitted some of the elements, so you need to disregard what he said, he has not entered a plea of admitting to the charges and he does not admit to any of these charges."

After the victim completed her testimony, which covered approximately 50 pages of transcript, defendant moved for mistrial. The motion was denied.

■     Defendant argues that the court's conduct was so prejudicial that the verdict could not be unbiased, even though the court gave the jury proper instructions to cure the effect of its action. We decline to consider defendant's argument, because his motion for mistrial was not timely. To preserve error, a motion for a mistrial must be timely. *State v. Montez*, 309 Or 564, 601, 789 P2d 1352 (1990). It is timely only if it is made when the objectionable event occurs. *State v. Shafer*, 222 Or 230, 235, 351 P2d 941 (1960). Defendant's motion, which was made long after the objectionable event occurred, came too late.

Defendant next assigns error to the court's refusal to grant a motion for mistrial after the court admonished him in front of the jury for statements he made during his closing argument. However, defendant made no motion for mistrial.

Defendant's remaining assignment of error does not require discussion.

Affirmed.