Argued and submitted October 5, 1999, reversed and remanded for trial
March 15, 2000

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM NELSON,
*Respondent.*

## (T 98-06-6969; CA A104310)

999 P2d 1161

Kaye E. McDonald, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert J. McCrea argued the cause for respondent. On the brief were Robynne A. Whitney and McCrea, P.C.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

The state appeals from the trial court's dismissal of an information charging defendant with driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving. ORS 811.140. The trial court dismissed the charges based on its conclusion that the district attorney's decision to file the DUII and reckless driving charges was "vindictive prosecution" because it was "in response" to defendant's rejection of a plea bargain on an assault charge. The state argues that the trial court applied the wrong legal standard for "vindictive prosecution" and that, under the correct legal standard, the facts here are legally insufficient to establish prosecutorial vindictiveness. We agree with the state and, accordingly, reverse.

The following facts are undisputed. On April 18, 1998, defendant was involved in an accident in which he was the driver and his passenger was severely injured. On June 5, 1998, the state filed an indictment charging defendant with assault in the second degree, alleging that defendant committed assault with a deadly weapon by "driving while intoxicated at speeds in excess of 100 miles an hour and jumping the railroad crossing and crashing the automobile." Defendant was arraigned on June 16, 1998, and entry of plea was scheduled for August 5, 1998.

On August 4, 1998, the parties met for plea negotiations. The state offered to recommend that defendant serve the last two years of his sentence in boot camp if defendant would agree to plead guilty to the lesser included crime of assault in the third degree and stipulate to a 48-month term of incarceration. In the course of the negotiations, one of the prosecutors pointed out that defendant would be subject to at least 24 months of incarceration if he was found guilty of both assault in the third degree and DUII. Defense counsel then reminded the prosecutor that no DUII charge had been filed, to which the prosecutor responded that "that could be rectified" if defendant chose not to accept the state's offer. The parties were unable to reach an agreement at the August 4 meeting.

On the morning of August 5, the parties appeared at the entry of plea hearing to request a continuance to pursue further negotiations, and the trial court rescheduled the entry of plea for 4:45 that same afternoon. The plea negotiations continued until approximately 4:00 p.m., but defendant ultimately rejected the state's offer. Shortly after defense counsel advised the prosecutor that his client would not accept the plea offer, but before defendant formally entered his plea with the court, the district attorney filed an information charging defendant with DUII and reckless driving in connection with the same April 18 incident. In the course of the two days of plea negotiations, the only discussion of possible additional charges against defendant was the prosecutor's August 4 statement that he could "rectify" the failure to charge DUII if defendant rejected the state's offer. The state never made any reference to a possible reckless driving charge. Immediately after the state filed the information charging defendant with DUII and reckless driving, he entered his plea of not guilty to assault in the second degree. He was then arraigned on the two new charges.

■ Defendant subsequently moved to dismiss the DUII and reckless driving charges, arguing that the prosecutor's decision to file the new charges was "vindictive prosecution," in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because it was motivated by a desire to punish him for exercising his right to go to trial. At the hearing on defendant's motion, the trial court engaged in lengthy colloquy with counsel for both parties regarding the standard for establishing prosecutorial vindictiveness.[1] Defendant argued that, under *State v. Halling*, 66 Or App 180, 672 P2d 1386 (1983), the filing of

---

[1] At the hearing, the parties disputed both whether the prosecutor had made any reference to the new charges during plea negotiations and at what point the prosecutor had filed the information charging defendant with DUII and reckless driving. The court heard testimony from defendant and defendant's father regarding the prosecutor's reference to the DUII charge during plea negotiations and ultimately found that, at the August 4 meeting, "there was mention made to [defendant] that a driving under the influence charge could be brought, if plea negotiations were unsuccessful." The trial court also listened to a tape recording of defendant's entry of plea on August 5, and found that the new charges were filed after defendant rejected the state's plea agreement but before defendant had entered his plea with the court. Neither party disputes those findings on appeal.

additional charges against "a defendant who rejects the state's plea offer" is "tantamount to a finding that the prosecutor's charging decision was motivated by a desire to punish defendant for his decision" to go to trial. The state responded that *Halling* requires "objective proof of actual vindictiveness" in order to establish prosecutorial vindictiveness and that the mere fact that the prosecutor entered new charges after failed plea negotiations does not constitute such proof. The trial court granted defendant's motion and issued a written order finding that:

> "It is clearly evident that the new charges of driving under the influence of intoxicants and reckless driving were not filed until [defendant] had indicated that he would not accept the plea negotiations, and that the new charges were filed in response to his decision not to enter into a plea agreement. In this case it is clear that the information concerning the potential charges of reckless driving and driving while under the influence were within the state's possession and knowledge at the time the original charge was filed and the additional charges were only filed, exactly two months later, after [defendant] had rejected the plea offer.

> "[T]he filing of additional charges, as punishment for, or in response to, a defendant's rejection of a plea offer in favor of choosing to exercise his constitutional rights constitutes vindictiveness, *State v. Halling*, 66 Or App 180, 671 P2d 1386 (1983), particularly where the information forming the basis for the charge is in possession of the state well in advance and the state chose not to file those charges until the defendant rejects a plea offer and enter a not guilty plea."

On appeal, the state argues that the trial court misunderstood and misapplied the standard for establishing "prosecutorial vindictiveness" as announced in *Halling*, and that, under the proper standard, the facts here are insufficient to support a finding of prosecutorial vindictiveness. Defendant responds that the trial court's understanding and application of *Halling* was correct and that the facts here are sufficient to demonstrate prosecutorial vindictiveness. We review the trial court's dismissal of the DUII and reckless driving charges for legal error.

In order to fully understand the parties' arguments — and the trial court's reasoning — we begin by reviewing the standard for vindictive prosecution employed in *Bordenkircher v. Hayes*, 434 US 357, 98 S Ct 663, 54 L Ed 2d 604 (1978), and *United States v. Goodwin*, 457 US 368, 102 S Ct 2485, 73 L Ed 2d 74 (1982), the United States Supreme Court cases that preceded, and formed the basis for, our decision in *Halling*.

The practice of dismissing charges based on prosecutorial vindictiveness arises from the principle that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher*, 434 US at 363. That principle was, in turn, derived from *North Carolina v. Pearce*, 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969), and *Blackledge v. Perry*, 417 US 21, 94 S Ct 2098, 40 L Ed 2d 628 (1974). In *Pearce*, the Court held that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 US at 725. To ensure that vindictiveness would not play a part in sentencing on retrial, the Court adopted a "presumption" of vindictiveness: "Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear, [and] those reasons must be based upon objective information * * *." *Id.* at 726. In *Perry*, the Court concluded that a similar presumption was warranted in the context of a prosecutor bringing increased charges against a defendant who had successfully attacked a conviction. 417 US at 27. Even though there was no evidence that the prosecutor in *Perry* acted in bad faith or maliciously, the Court concluded that "the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case." *Id.*

In *Bordenkircher*, the Court considered, for the first time, a claim of prosecutorial vindictiveness arising from new charges brought after failed plea negotiations. There, the question presented was "whether the Due Process Clause of the Fourteenth Amendment [was] violated when a state

prosecutor carrie[d] out a threat made during plea negotiations to reindict the accused on more serious charges if he [did] not plead guilty to the offense with which he was originally charged." 434 US at 358. Specifically, the prosecutor had told the defendant that if he did not plead guilty and "save the court the inconvenience and necessity of a trial," then the prosecutor would indict him as a habitual offender. *Id.* Neither party disputed that "the recidivist charge was fully justified by the evidence, that the prosecutor was in possession of this evidence at the time of the original indictment, and that [the defendant's] refusal to plead guilty to the original charge was what led to his indictment under the habitual criminal statute." *Id.* at 359.

The Court began by reviewing its holdings in *Pearce* and *Perry*. Focusing on the qualitative difference between those cases and cases in which the state brings new charges against a defendant who rejects a plea bargain, the Court concluded that the situations in *Pearce* and *Perry* were "very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess equal bargaining power." *Id.* at 362 (citation omitted). The Court reasoned that:

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, * * * [b]ut in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

"Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial. * * *

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the

bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Id.* at 363-64 (citations omitted).

Based on that reasoning, the Court concluded that the prosecutor's conduct, "which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution," did not violate the Due Process Clause of the Fourteenth Amendment. *Id.* at 365.

Thus, *Bordenkircher* stands for the proposition that evidence that a prosecutor threatened to file new charges against a defendant if plea negotiations failed and then carried out that threat is *not* by itself legally sufficient proof of actual vindictiveness.

Ten years later, in *Goodwin*, the Court again considered a claim of vindictive prosecution arising from new charges brought after plea negotiations failed, this time addressing whether the "presumption that has been used to evaluate a judicial or prosecutorial response to a criminal defendant's exercise of a right to be retried after he has been convicted should also be applied to evaluate a prosecutor's pretrial response to a defendant's demand for a jury trial." 457 US at 369-70. In *Goodwin*, the defendant was originally charged with several misdemeanors. *Id.* After plea negotiations failed and the defendant requested a jury trial, he was indicted and convicted on a felony charge. At no time did the prosecutor inform the defendant that he might face an increased charge if he chose to go to trial. There was no dispute that the government possessed the information that formed the basis for the felony charge at the time the original information was filed. *Id.* at 371. The defendant moved to set aside the verdict on the basis that the "indictment on the felony charge gave rise to an impermissible appearance of retaliation." *Id.* The district court denied the motion, and the defendant appealed.

The Court of Appeals for the Fourth Circuit reversed, concluding that, even though it was clear that the prosecutor did not act with "actual vindictiveness," *id.* at 372, the prosecutor's conduct warranted adoption of a rebuttable presumption of prosecutorial vindictiveness. Extending the Supreme Court's reasoning in *Pearce* and *Perry*, the Fourth

Circuit held that the circumstances in *Goodwin*—*i.e.*, when a prosecutor brings more serious charges against a defendant after he has rejected the state's offer in plea negotiations—gave rise to a presumption of vindictiveness that could be rebutted only if the prosecutor offered objective evidence that the new charges could not have been brought before the defendant exercised his rights. *Id.*

On review, the Supreme Court reversed, concluding that a presumption of prosecutorial vindictiveness was not warranted. *Id.* at 383. After reciting its holdings in *Pearce*, *Perry*, and *Bordenkircher*, the Court prefaced its analysis by highlighting that, because "there is no evidence in this case that could give rise to a claim of actual vindictiveness, * * * the conviction in this case may be reversed only if a presumption of vindictiveness * * * is warranted."[2] *Id.* at 380-81. The Court then went on to explain its reasons for not "adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting." *Id.* First, the Court noted that, in the course of preparing a case for trial, a prosecutor may discover additional information supporting further prosecution or may reevaluate the state's interest in prosecuting defendant for additional crimes. *Id.* Second, the Court observed that "it is unrealistic to assume that a prosecutor's probable response to [a defendant's pretrial motions] is to seek to penalize and deter." *Id.* Given those aspects of the pretrial setting, the Court concluded that "the timing of the prosecutor's action in this case suggests that a presumption of vindictiveness is not warranted. A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *Id.* at 381-82. Finally, the Court added the following caveat to its holding:

> "In declining to apply a presumption of vindictiveness, we of course do not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to

---

[2] The Court specifically distinguished the facts in *Goodwin* from those in *Bordenkircher* on the ground that, in *Bordenkircher*, the fact that the prosecutor admitted that the new charge was brought to influence the defendant's conduct was evidence, albeit ultimately insufficient evidence, giving rise to a claim of actual vindictiveness. *Goodwin*, 457 US at 380-81 n 13.

punish him for doing something that the law plainly allowed him to do. " *Id.* at 384.

The central holding in *Goodwin* was that the facts there did not warrant a "presumption" of vindictiveness. However, the Court also emphasized that, even where a *presumption* of vindictiveness is not warranted, a defendant can establish vindictive prosecution by proving *"objectively* that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allows." *Id.* at 384 (emphasis added). In addition to holding that the facts in *Goodwin* did not warrant a "presumption" of vindictiveness, the Court also stated that "there is no evidence in this case that could give rise to a claim of actual vindictiveness." *Id.* at 380.

Thus, we understand *Goodwin* to stand for the following proposition: Evidence that a prosecutor (1) filed new charges against a defendant after he or she rejected a plea offer; (2) had all information relevant to the new charges at all relevant times; and (3) never threatened the defendant with the new charges during plea negotiations, neither warrants a "presumption" of vindictiveness nor is sufficient objective proof of "actual vindictiveness." In order to "prove objectively that [a] prosecutor's charging decision was motivated by a desire to punish" a defendant for rejecting a plea offer, the defendant must offer some "objective proof of actual vindictiveness" above and beyond those three circumstances that were, in fact, present in *Goodwin.*[3]

In *Halling*, the first Oregon case involving a claim of prosecutorial vindictiveness following failed plea negotiations, the defendant successfully established prosecutorial

---

[3] *Bordenkircher* and *Goodwin*, in combination, thus endorse a curious "not damned if he does and not damned if he doesn't" principle with respect to the effect of a prosecutor's "threats" to add additional charges before the conclusion of plea negotiations. If a prosecutor explicitly states that new charges will be added if the plea offer is rejected, then that is not objective proof of actual prosecutorial vindictiveness (*Bordenkircher*); conversely, if the prosecutor remains silent and simply adds the other charges after the rejection of the plea, then that, without more (and beyond the circumstances in *Goodwin*), does not evince prosecutorial vindictiveness (*Goodwin*).

vindictiveness by offering "objective proof of actual vindictiveness" beyond the three circumstances that were present in *Goodwin*. There, the defendant was initially indicted for attempted murder. The parties met for a pretrial conference, and the state offered to recommend a six-year sentence in exchange for the defendant's guilty plea. *Halling*, 66 Or App at 182-83. According to the trial court's findings, the defendant formally rejected the state's offer a few weeks later. On the day following the defendant's rejection of the plea bargain, the prosecutor called the defendant's attorney and made the following remark: "I have a brilliant idea. I have just thought of a way to cause further evil to poor Mr. Halling." *Id.* at 182. The prosecutor then informed defense counsel that she planned to charge the defendant with additional crimes unless he accepted the previous offer. The defendant continued to insist on going to trial, and the prosecutor ultimately secured two additional indictments against him. The trial court granted the defendant's motion to dismiss the new indictments, concluding that this was "a case of overzealous prosecution after pretrial negotiations had ended" and that the new charges were brought "in reprisal" for the defendant's rejection of the plea bargain. *Id.* at 183.

On appeal, the state argued that the trial court's dismissal of the indictments was based on a "presumption of vindictiveness" and was therefore in direct conflict with the Supreme Court's holding in *Goodwin*. We rejected that argument, concluding that, rather than applying a "presumption" of vindictiveness, the trial court had properly found "actual vindictiveness" based on objective evidence, as contemplated by the caveat in *Goodwin*:

> "So, even assuming that *Goodwin* precludes reliance on a presumption under any set of facts, a claim of this type may still succeed if based on *objective proof of actual vindictiveness.*
>
> "As previously noted, the trial judge found that the additional charges against defendant were brought in 'reprisal' for defendant's rejection of a plea bargain. We agree with defendant that that is tantamount to a finding that 'the prosecutor's charging decision was motivated by a desire to punish' defendant for insisting on a jury trial.

"The state contends that the findings are not supported by the evidence in this case. On the basis of our examination of the record, we conclude that the trial court's dismissal of the two indictments * * * was proper. The prosecuting attorney was fully aware of the facts giving rise to the [new] charges as much as two years before the charges were brought, yet no mention was ever made of them until the day after defendant had finally refused that state's plea bargain. The timing of her decision to seek two new indictments, as well as her remarks concerning 'doing evil' to defendant, convince us that there was adequate evidence to support the trial court's finding of prosecutorial vindictiveness." *Halling*, 66 Or App at 184-85 (emphasis added).

In holding that the defendant's evidence was legally sufficient "objective proof of actual vindictiveness," we acknowledged, at least by implication, that the circumstances surrounding the prosecutor's decision to seek the new indictments—standing alone—would not have been sufficient to prove actual vindictiveness. Rather, it was the prosecutor's comment about "doing evil" to the defendant, considered *in combination* with the circumstances surrounding the filing of the new charges, that elevated the facts in *Halling* to the level of "actual vindictiveness." That is so because our holding in *Halling* was necessarily informed by the Supreme Court's holding that the sequence of prosecutorial conduct in *Goodwin—viz.*, when a prosecutor has all information giving rise to additional charges at all relevant times, never mentions the possibility of bringing the new charges during plea negotiations, and then decides to seek new charges only after plea negotiations fail—is *not*, as a matter of law, proof of "actual vindictiveness." Absent the prosecutor's comment about "doing evil" to the defendant, the facts in *Halling* would have been materially indistinguishable from those in *Goodwin*, and the defendant's claim of prosecutorial vindictiveness would have failed as a matter of law.

■    Based on our reading of *Bordenkircher, Goodwin*, and *Halling*, we conclude that, in order to "prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do," *Goodwin*, 457 US at 384, a defendant

must, at a minimum, offer some "objective proof of actual vindictiveness" above and beyond the three circumstances that were present in *Goodwin*.[4]

■    We now turn to the merits of the state's argument that the trial court "misunderstood and misapplied" the legal standard for vindictive prosecution in this case. The following excerpt from the trial court's colloquy with the prosecutor captures the essence of the trial court's reasoning in granting defendant's motion to dismiss:

"[The Court]:   [*Halling*] says if the, if the state brings additional charges, even if there's a basis for those charges, if those charges are brought in response to a defendant choosing to exercise his constitutional rights to reject the plea and enter * * * a not guilty plea * * *

"[Prosecutor]:   Every case in Oregon dealing with vindictive prosecution says that you have to find actual vindictiveness, Judge. There's not a case in Oregon that says any different.

"[The Court]:   Oh, I agree. I agree with you completely on that point. I guess the point is what * * * constitutes vindictiveness. * * * It's clearly evident that the new charges were not filed until [defendant] had indicated that he would not accept the plea negotiations, that the new charges were filed in response to his decision not to enter into a new plea agreement. The *Halling* case uses the term 'reprisal.' I think 'in response to' and 'reprisal for' have essentially the same meaning. I see very little distinction between this case and the *Halling* case. There, * * * the [Court of Appeals] says 'as previously noted, the trial judge found that the additional charges against defendant were brought

---

[4] We note that other courts have held that *Goodwin* does not preclude application of a "presumption of vindictiveness" in cases in which additional facts combine with the sequence of events in *Goodwin* to create a "realistic likelihood of vindictiveness." *See, e.g., United States v. Meyer*, 810 F2d 1242 (DC Cir 1987), *cert den* 485 US 940 (1988) (holding that a presumption of vindictiveness was warranted where, in addition to the circumstances present in *Goodwin*, there was evidence that (1) the government did *not* bring new charges against codefendants who *had* accepted plea offers, and (2) the government moved to drop the new charges at the hearing on the defendants' vindictive prosecution claim); *United States v. Gallegos-Curiel*, 681 F2d 1164 (9th Cir 1982) (recognizing that a presumption of vindictiveness is warranted when circumstances—beyond those in *Goodwin*—demonstrate a "realistic likelihood" of vindictive prosecutorial conduct).

in reprisal for defendant's rejection of a plea bargain. We agree with defendant that this is tantamount to a finding that the prosecutor's charging decision was motivated by a desire to punish defendant for insisting on a jury trial.' I don't see any meaningful distinction between this case and the *Halling* case.

"[Prosecutor]: Your Honor, you still haven't found a finding that the prosecutor acted with actual vindictiveness. And if you're going to find that, if you would explain what you view the actual vindictiveness to be.

"[The Court]: Okay, well to clarify, * * * I think the legal definition of vindictiveness is different than the common definition of vindictiveness. As I understand it, the case law provides that if * * * the state files additional charges as punishment for, or in response to, a defendant choosing to exercise his constitutional rights, that constitutes vindictiveness. That's what the *Halling* case stated. That if it's in reprisal for a defendant rejecting a plea offer, particularly where * * * the basis for the charges was in the possession of the state well in advance, the state chose not to file those charges until the defendant rejects a plea offer and enters a not guilty plea, then [under] my understanding of the case law, that fits within the definition of vindictiveness."

The parties dispute the significance of the trial court's comments. The state's argument is, essentially, that the trial court correctly understood *Halling* to require proof of "actual vindictiveness," but erroneously thought that the prosecutor's filing of new charges "in response" to defendant's rejection of the plea bargain constituted "actual vindictiveness" as a matter of law. Defendant responds that the state "woefully miscasts" the trial court's findings and reasoning. According to defendant, the trial court found that defendant established "actual vindictiveness" as a matter of fact, not as a matter of law. For the reasons that follow, we agree with the state.

The trial court misapprehended the legal standard for objectively proving "actual vindictiveness." From the trial court's comments, it is apparent that the court did *not* find that the prosecutor's decision to file the new charges was "in retaliation for" defendant's decision to go to trial or "motivated by a desire to punish" him for exercising his right to

plead not guilty. Rather, the court found only that the prosecutor's decision to file the new charges was "in response" to, or prompted by, defendant's not guilty plea, and then determined that the filing of new charges in such circumstances is "actual vindictiveness" as a matter of law. Contrary to the trial court's assumption, the mere filing of new charges "in response to" a defendant's rejection of a plea offer does not establish the requisite actual vindictiveness. Thus, the trial court applied an erroneous legal standard in assessing defendant's claims of vindictive prosecution.

In many cases, that conclusion would result in a remand for the trial court to apply the proper legal standard. Here, however, the state argues that outright reversal is required because the facts in this case are identical to those in *Goodwin* and, under the proper standard, are thus legally insufficient to establish vindictive prosecution. Defendant's response, reduced to its essentials, is that the following facts support the trial court's finding of "actual vindictiveness": (1) All pertinent facts were known to the prosecution from the outset. (2) The prosecutor never threatened the reckless driving charge in plea negotiations. (3) The prosecutor only mentioned the DUII charge in passing during the plea negotiations, and then, only in response to defense counsel's observation that defendant had not been charged with DUII. (4) The prosecutor filed the DUII and reckless driving charges immediately after defendant formally rejected the state's plea offer, without reopening plea negotiations. Defendant argues that those facts, taken together, are legally sufficient to support the trial court's finding of "actual vindictiveness," and that *Goodwin* does not require defendant to offer any additional proof to establish that the prosecutor's filing decision was motivated by vindictiveness. We disagree.

Here, regardless of whether the prosecution mentioned the possibility of filing either the DUII or the reckless driving charges against defendant, defendant's evidence is legally insufficient to establish "actual vindictiveness" under *Goodwin*. Defendant here adduced no evidence beyond that which *Goodwin* held to be legally insufficient—*i.e.*, that the state filed new charges against defendant after he rejected a plea offer; had all information relevant to the new charges at all relevant times; and never threatened defendant with the

new charges during plea negotiations. Although those circumstances could, in combination with other evidence, support a determination of "actual vindictiveness," *see, e.g., Halling*, by themselves, they are insufficient.

Reversed and remanded for trial.